14-4649(L), 14-4710(Con)
*In Re: Elec. Books Antitrust Litig.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of February, two thousand sixteen.

PRESENT:

> PIERRE N. LEVAL,
> BARRINGTON D. PARKER,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

IN RE: ELECTRONIC BOOKS ANTITRUST LITIGATION*

|  | Nos. 14-4649(L), |
|  | 14-4710(Con) |

_____

| FOR OBJECTOR-APPELLANT JOHN BRADLEY: | STEVE A. MILLER, Denver, CO. |
| FOR PLAINTIFFS-APPELLEES STATE OF ARIZONA, THE STATE OF ALASKA, THE STATE OF ARKANSAS, STATE OF COLORADO, THE STATE OF DELAWARE, THE DISTRICT OF COLUMBIA, STATE OF IDAHO, STATE OF INDIANA, THE STATE OF KANSAS, STATE OF LOUISIANA, | GARY M. BECKER, Assistant Attorney General, *for* George Jepsen, Attorney General of Connecticut; (Charles E. Roy, First Assistant Attorney General; Eric Lipman, Assistant Attorney General; James E. Davis, Deputy Attorney General; Scott A. Keller, Solicitor General; J. Campbell Barker, Deputy Solicitor |

---

* The Clerk of Court is respectfully directed to amend the official caption in this case to conform to the caption above.

STATE OF MARYLAND, THE COMMONWEALTH OF MASSACHUSETTS, STATE OF MICHIGAN, STATE OF MISSOURI, THE STATE OF NEBRASKA, THE STATE OF NEW MEXICO, THE STATE OF NORTH DAKOTA, STATE OF CALIFORNIA, STATE OF WISCONSIN, THE COMMONWEALTH OF VIRGINIA, STATE OF TEXAS, STATE OF ILLINOIS, STATE OF IOWA, STATE OF VERMONT, STATE OF TENNESSEE, STATE OF SOUTH DAKOTA, COMMONWEALTH OF PUERTO RICO, COMMONWEALTH OF PENNSYLVANIA, STATE OF OHIO, STATE OF WEST VIRGINIA, STATE OF CONNECTICUT, THE STATE OF ALABAMA, STATE OF NEW YORK, THE STATE OF UTAH:

General, *for* Ken Paxton, Attorney General of Texas, *on the brief*); (Andrew W. Amend, Assistant Solicitor General, *for* Eric T. Schneiderman, Attorney General of New York, *on the brief*).

FOR PLAINTIFFS-APPELLEES SHILPA GROVER, FREDRIC A. PRESS, ANTHONY PETRU, JEFFREY EVANS, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, CLARISSA WEISS, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, RHONDA BURSTEIN, JUAN SOTOMAYOR, ROBERT CHEATHAM, JOHN T. MEYER, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, PAUL MEYER, PAUL J. MEYER, ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, LIANA LINGOFELT, MARCIA GREENE, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, AUBRIE ANN JONES, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, DAVID YASTRAB, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILIARLY SITUATED, CYRUS JOUBIN, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, BRIAN BROWN, ON BEHALF OF HIMSELF AND ALL

STEVE W. BERMAN (Jeff D. Friedman, Shana Scarlett, *on the brief*), Hagens Berman Sobol Shapiro LLP, Seattle, WA, Berkeley, CA; (Kit A. Pierson, Jeffrey Dubner, Douglas Richards, *on the brief*, Cohen Milstein Sellers & Toll PLLC, New York, NY, Washington, D.C.).

OTHERS SIMILARLY SITUATED, HARRISON GOLDMAN, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, KEVIN RADER-RHODENBAUGH, BRIAN MCGEE, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, CAROL NESS, KATRINA KEY, PATSY DIAMOND, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, MARCUS MATHIS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, EUGENIA RUANE-GONZALES, STEVEN RIVERS, CHRISTIAN GILSTRAP, CYNTHIA J. TYLER, THOMAS FRIEDMAN, JEREMY SHEPPECK, ALOYSIUS J. BROWN, III, ANNE M. RINALDI, LAURA J. WARNER, BARBARA HEATH, KATHLEEN LINDA PITLOCK, KATHLEEN WEISS, MATTHEW A. HOSKING, DIANE URBANEC, ED MACAULEY, RONNA HAMELIN, JAMES L. NESMITH, LAUREN ALBERT, SUE ROBERTS, SUE ELLEN GORDON, SHANE S. DAVIS, STEVEN D. CAMPBELL, CHARLES LEONARD PELTON, SR., KIMBERLY WHITESIDE BROOKS, JESSICA MOYER, ANDREAS ALBECK, REBECCA L. ROSSMAN, MIRIAM CUMMINGS, CAROLE C. KEHL, KAMAL SONTI, GRETCHEN ULBEE, CHAD MILLER, ELVIRA MONZON, SUSAN HOROWITZ, AMY D. NOLAN, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, GRACE HOKE:

Appeal from a judgment of the United States District Court for the Southern District of New York (Cote, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered by the District Court on November 21, 2014, is **AFFIRMED**.

After a bench trial, the District Court determined that Apple Inc. ("Apple") conspired to raise the prices of electronic books ("ebooks") in violation of state and federal antitrust laws. *See United States v. Apple Inc.*, 952 F. Supp. 2d 638, 709 (S.D.N.Y. 2013) (the "Liability Finding"). Apple appealed this determination. *See United States v. Apple, Inc.*, 791 F.3d 290, 339 (2d Cir. 2015) (affirming the District Court's Liability Finding), *pet. for cert. docketed*, No. 15-565 (U.S. Nov. 2, 2015) (the "Liability Appeal"). Approximately five weeks before the scheduled start of a trial on damages—while the Liability Appeal was still pending before a panel of our Court—Apple entered into a class action settlement (the "Settlement") resolving claims for damages stemming from the Liability Finding brought on behalf of consumers of ebooks. The District Court approved the Settlement. In this appeal, Objector-Appellant John Bradley challenges the fairness, reasonableness, and adequacy of the Settlement.[1] We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision to affirm.

The payments Apple agreed to make under the Settlement depend on the outcome of the Liability Appeal. If the Liability Finding is affirmed, the Settlement calls for Apple to pay $400 million in damages to consumers, plus a total of $50 million in attorneys' fees and costs to the private plaintiffs and the states that brought suit as *parens patriae* (together, "Plaintiffs"). If the Liability Finding is remanded for further proceedings after either vacatur or reversal, the Settlement requires Apple to pay far less: $50 million to consumers, and $20

---

[1] Objector Dianne Young Erwin also appealed the District Court's approval of the Settlement, but has voluntarily dismissed her appeal pursuant to Federal Rule of Appellate Procedure 42(b). *See* Order Granting Mot. to Dismiss, No. 14-4649, ECF No. 117 (July 30, 2015). Her claims are therefore not addressed in this order.

million in fees and costs to Plaintiffs. If the Liability Finding is reversed without providing for the possibility of a Plaintiffs' victory, the Settlement provides that Apple will make no payments to consumers or for attorneys' fees or costs, and Plaintiffs will move to dismiss their claims against Apple with prejudice.

Our Court has now affirmed the Liability Finding, and Apple did not move to rehear *en banc*. The Liability Finding will stand unless the Supreme Court grants Apple's pending *certiorari* petition and rejects our judgment.

A district court may approve a class action settlement only if the settlement is "fair, reasonable, and adequate." Fed R. Civ. P. 23(e)(2). In this Circuit, district courts examine the fairness, reasonableness, and adequacy of a class settlement according to the *Grinnell* factors—considerations that we enunciated in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974), *abrogated on unrelated grounds by Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 49–50 (2d Cir. 2000). The *Grinnell* factors are:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*Id.* at 463 (citations omitted). We review for abuse of discretion a district court's determination, pursuant to the *Grinnell* factors, that a class action settlement is fair, reasonable, and adequate. *See McReynolds v. Richards-Cantave*, 588 F.3d 790, 800 (2d Cir. 2009). The deference that we give the District Court's determination is "considerable": "The trial judge's views are accorded great weight because [s]he is exposed to the litigants, and their strategies, positions and proofs. Simply stated, [s]he is on the firing line and can evaluate the action accordingly." *Joel A. v. Giuliani*, 218 F.3d 132, 139 (2d Cir. 2000) (internal quotation marks and alterations omitted).

5

The District Court here concluded, and Bradley does not contest on appeal, that *Grinnell* factors one, two, and eight weighed in favor of approving the settlement. As to factor one, the District Court found that the case was a complex antitrust conspiracy involving a number of parties, and that, absent settlement, Apple would attempt to draw out the litigation. As to factor two, it concluded that the class implicitly approved the settlement, observing that "[t]here have been under the circumstances few exclusions and few objections." Tr. of Final Fairness H'rg at 12, *In Re: Elec. Books Antitrust Litig.* (No. 11-md-02293), ECF No. 686. Most importantly, as to factor eight, it found that Apple's promised payments to consumers were reasonable in light of its assessment of their best possible recovery after trial. An expert for the private plaintiffs estimated total consumer losses resulting from the conspiracy to be approximately $280 million. Taking into consideration the payments of approximately $166 million that these consumers had already secured from settlements with Apple's co-conspirators, the Settlement would give consumers just over 200 percent of their estimated losses (if the Liability Finding is affirmed), and 77 percent of their estimated losses (if the Liability Finding is either reversed and remanded, or vacated and remanded). In particular, the District Court found the former result to be "an excellent recovery" for consumers. Tr. of Final Fairness H'rg at 14; *see also, e.g.*, *In re Remeron Direct Purchaser Antitrust Litig.*, No. 03-0085, 2005 WL 3008808, at *9 (D.N.J. Nov. 9, 2005) (concluding that payment of 56 to 69 percent of estimated damages to be "above the range of settlements routinely granted final approval," and collecting cases).

Bradley argues that the District Court's approval of the Settlement is "premature," and that, because the Settlement's actual payouts will depend on the outcome of the Liability Appeal, "it [was] impossible for the district court to properly analyze whether the settlement is fair." Bradley Br. at 10. Bradley did not make this argument, however, in the District Court. It is thus waived. *See Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.").

Even were this argument not waived, however, we would reject it. A district court is capable of determining whether a settlement is fair and reasonable notwithstanding

6

important contingencies. Indeed, evaluation of the fairness and adequacy of *every* settlement requires a court to assess the likely outcome of future legal proceedings, namely, the relative probabilities of various outcomes if there were no settlement and the parties went to trial. *See Malchman v. Davis*, 706 F.2d 426, 433 (2d Cir. 1983) ("The trial judge determines fairness, reasonableness, and adequacy of a proposed settlement by considering[,] [*inter alia*,] the substantive terms of the settlement compared to the likely result of a trial . . . ."). As the District Court commented about *Grinnell* factor three in this case, the parties settled "essentially on the eve of trial," after "[f]ull discovery, both fact and expert discovery, had taken place." Tr. of Final Fairness H'rg at 12. The District Court had already issued a thorough opinion on Apple's liability; ruled on a motion for class certification; and resolved several disputes regarding the admissibility of evidence at the damages trial. "If all discovery has been completed and the case is ready to go to trial, the court obviously has sufficient evidence to determine the adequacy of settlement." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 118 (2d Cir. 2005) (internal quotation marks omitted).

Also characterizing his prematurity argument as one of "ripeness," Bradley argues that the Settlement was not yet "fit for judicial decision," and that the District Court would have benefitted by "waiting for a decision in the [L]iability [A]ppeal." Bradley Br. at 13–14, 15 (internal quotation marks omitted). Ripeness, however, concerns "threshold criteria for the exercise of a federal court's jurisdiction," *Simmonds v. I.N.S.*, 326 F.3d 351, 356–57 (2d Cir. 2003), matters not at issue here. The dispute the District Court was charged with resolving was plainly ripe for adjudication: Apple was alleged (and found) to have orchestrated a conspiracy among publishers to raise prices of ebooks; prices rose; and consumers bought ebooks at inflated prices. *See* 791 F.3d at 298–311. Plaintiffs then filed suit, seeking to recover for harm already suffered. Evaluating a settlement of these damages claims is properly undertaken pursuant to the *Grinnell* factors—particularly, for this Settlement, factor three, which asks a court to consider "the stage of the proceedings and the amount of discovery completed"—not the ripeness doctrine. For all these reasons, the District Court did not abuse its discretion in determining that factor three also supported settlement.

7

* * *

We have considered Bradley's remaining arguments and find them to be without any merit. The District Court observed that Bradley's arguments were made by a "professional objector," not by someone "who ha[s] a stake in the enterprise in a way that a class member would." Tr. of Final Fairness H'rg at 20. In the class action settlement context, "professional objectors" are lawyers who "file stock objections to class action settlements" —objections that are "[m]ost often . . . nonmeritorious"—and then are "rewarded with a fee by class counsel to settle their objections." William B. Rubenstein, NEWBERG ON CLASS ACTIONS § 13:21 (5th ed. 2012). Bradley's appeal, in which he asserts arguments either not presented to the District Court or devoid of merit, has done nothing to cast any doubt on the District Court's characterization.

We **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8